UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

COREY FITCH,                              )
                                          )
          Petitioner,            )
                                          )
vs.                                       )   1:11-cv-00862-TWP-DKL
                                          )
KEITH BUTTS,                              )
                                          )
          Respondent.            )

**Entry Directing Further Proceedings**

**I.**

This matter is before the Court on a Petition for Habeas Corpus (Dkt. 1) and a Motion for Leave to Proceed in *forma pauperis* (Dkt. 2). The Antiterrorism and Effective Death Penalty Act, codified in part at 28 U.S.C. § 2254 ("AEDPA"), is applicable to habeas petitions filed after the statute's effective date, April 24, 1996. Because Mr. Fitch's petition was filed after the effective date, the AEDPA governs his petition. *Wallace v. Ward,* 191 F.3d 1235, 1240 (10th Cir. 1999).

Under the AEDPA, a federal court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Section 2254(d)(2) further authorizes the federal courts to grant a habeas writ when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

What the petitioner has done here, which is quite common, is to recite certain

aspects of his conviction and to identify the claims supporting his petition for federal habeas relief. What he has not done here, however, is attempt to link any of his claims with either prong of 2254(d)(1), or argue that the state courts' resolution of his claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," which is the § 2254(d)(2) avenue for federal habeas relief.

Based on the foregoing, and based also on the fact that notice pleading does not suffice in an action for habeas corpus relief, see *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), the petitioner shall have **through July 26, 2011,** in which to **supplement** his petition for a writ of habeas corpus by doing the following:

- He shall identify in what sense, if any, the state court's adjudication (i) resulted in a decision that was contrary to clearly established Federal Law, as determined by the Supreme Court of the United States or (ii) resulted in a decision which was an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States.

- He shall also identify in what sense, if any, the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The purpose of directing the petitioner to **supplement** his petition for a writ of habeas corpus as directed above is to permit the petitioner to craft a habeas petition sufficient to support the relief he seeks and sufficient to survive the review required by Rule 4.

The petitioner's request to proceed *in forma pauperis* (Dkt. No. 2) is **granted.**

**II.**

When the supplement to the petition for a writ of habeas corpus is filed as directed in Part I of this Entry, it will remain subject to review pursuant to *Rule 4* and the court will thereafter make whatever order is appropriate. If the habeas petition is not supplemented as directed in Part I of this Entry, the court will direct the dismissal of the action without further notice. *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(noting that Rule 4 states: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.").

**IT IS SO ORDERED.**

Date: 07/12/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Corey Fitch
#170539
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064