# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| COREY FITCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:11-cv-00862-TWP-DKL |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Corey Fitch ("Fitch") for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). As the pleadings and the expanded record show, Fitch has missed the deadline for seeking the relief which he seeks.

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary

vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Under ' 2244(d)(1) of the AEDPA, the statute of limitations for ' 2254 petitions is one year. *See* 28 U.S.C. ' 2244(d)(1)(A)-(D).

Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Fitch was convicted of a drug offense in 2006 in an Indiana state court. In the direct appeal, the Court of Appeals rejected some of Fitch's claim but found that one issue required a remand to the trial court. *Fitch v. State*, No. 45A03-0608-CR-373 (Ind.Ct.App. Aug. 21, 2007). Fitch sought review by the Indiana Supreme Court, which denied transfer on October 4, 2007. Fitch's conviction became final 90 days later, on January 2, 2008, when time to seek certiorari expired. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

The statute of limitations ran for 100 days before Fitch filed a petition for post-conviction relief on April 11, 2008. On March 10, 2009, the trial court granted Fitch's motion to withdraw his petition for post-conviction relief. The statute of limitation ran for an additional 193 days before Fitch filed another petition for post-conviction relief on September 18, 2009. On November 23, 2010, the Indiana Court

of Appeals denied Fitch's appeal, and on January 6, 2011, denied a petition for rehearing.

When the Indiana Court of Appeals denied Fitch's petition for rehearing on January 6, 2011, there were 70 days left in the 1-year statute of limitations. This period expired on March 17, 2011.[1] This was more than two (2) months before Fitch signed the habeas petition in the present action.

Fitch argues that his claims warrant the relief he seeks, but he has not addressed the statute of limitations argument presented by the respondent.

A[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court.@ *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Weddington has encountered the hurdles produced by the 1-year statute of limitations and by procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is denied. Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Fitch has failed to show that reasonable jurists would find it Adebatable whether

---

[1] On January 28, 2011, Fitch filed a petition for permission to seek successive post-conviction review, which was denied by the Indiana Court of Appeals. The petition, since unsuccessful, failed to toll the statute of limitations. *See Tinker v. Hanks*, 172 F.2d 990 (7th Cir. 1999) (efforts to file a successive action for post-conviction relief, if unsuccessful, do not toll the running of the statute of limitations).

[this court] was correct in its procedural ruling."@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/20/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Corey Fitch
#170539
Westville Correctional Facility
5501 South 1100 West
Westville, IN 46391

**All Electronically Registered Counsel**